The appellee obtained a judgment against the appellants, on a forthcoming bond, at the District Court, held at Washington Court-House, on the 4lh of October, 1805 : from which judgment an appeal was taken, at the same term, to this Court; but no record of the appeal was sent up.
More than two termshaving elapsed, and the appellee having died intestate since the appeal, Hening moved to enter an appearance for his administrator, and to dismiss *the appeal without resorting to a scire facias. He considered this case as not coming within the reason of the case of Wood v. Webb, cited in a note to Daniel v. Robinson’s Executors, (a) There the appeal was docketed in this Court, and the judgment might either have been reversed or affirmed; but here, the record not having been brought up, the appeal, according to the course of the Court, can only be dismissed. This was settled as the practice of the Court-in Mills v. Black,(b) and referred to, at the last term, in the ca.se of Nelson v. Matthews, (c) The practice in England of suing out a scire facias adt au-diendum errores upon the death of the defendant in error, (d) has no weight in this case; because our act of assembly expressly directs, that, unless a transcript of the record be sent up, on or before the second, term of the Court of Appeals, after the appeal shall have been granted, it shall be dismissed, unless good cause be shewn to the contrary; and the Court will not intend that there is good cause, where the appellant, far from attempting to shew it, does not even prosecute his appeal.
Curia advisare vult.
Monday, June 22. The President delivered the opinion of the Court, (absent JUDGE TUCKER,) that the appeal be dismissed, in the common form, the entry to be on the motion of the administrator, &c.

 1 Wash. 1B4.

 1 Call, 211.

 1 Hening & Munford, 21.

 1 Salk. 264. Wicket and others v. Creamer, and 1 Lord Raym. 349, S. C.